PER CURIAM.
Petitioner, Lakewood Travel Park, seeks certiorari review of an order of the circuit court denying its petition for writ of certio-rari review of a ruling of the Town of Davie, which approved a site plan for a truck stop and related services to be known as the Davie Travel Center. The circuit court found that the site plan approval, with conditions, did not violate due process; the Town did not depart from the essential requirements of law; and the Town’s action was supported by competent substantial evidence. We find that the circuit court afforded petitioner due process and applied the correct law; thus, the order of the circuit court does not depart from the essential requirements of law and we must deny the petition for writ of certiorari. See Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 843 (Fla.2001).
At the heart of the controversy is an access road, which will be used for ingress and egress to the truck stop. The road is on the property of another landowner but is subject to an “unlimited” easement for ingress and egress to the truck stop property. Petitioner, Lakewood Travel Park, is an adjacent property owner to the proposed development. In short, Lakewood Travel Park argues that the Town failed to consider the access road a part of the proposed development and, thus, failed to apply certain requirements of the town code to the access road which would be generally applicable to a proposed development. Upon a review of the record, we cannot say that the failure of the Town to require the owner of the property on which the easement was situated to authorize the development plan (which would involve paving the easement) or the failure to apply the Town’s environmental buffer requirements to the access road clearly violated the town code. We have considered the other issues as well, but find no basis for certiorari review. We conclude that the circuit court did not depart from the essential requirements of law in denying certiorari review of the order approving the subject development.
CERTIORARI DENIED.
' KLEIN, STEVENSON and HAZOURI, JJ., concur.